UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN G. SANCHEZ,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO. C05-1493

ORDER

    This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 23), and the objections thereto (Dkt. No. 26). Having carefully considered the papers filed by the parties and Magistrate Judge Donohue's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation and AFFIRMS the decision of the Commissioner of Social Security.

**I.   STANDARD OF REVIEW**

    The Court may set aside the Commissioner's denial of Social Security benefits when the Administrative Law Judge's (ALJ's) findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence means more than a scintilla but less than a preponderance. It means such

ORDER – 1

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**II.     ANALYSIS**

The Plaintiff raises two very broad objections to the ALJ's denial of disability benefits without significantly adding to their substance: 1) that the ALJ erred when he found that Plaintiff's cardiac impairment was not severe, and 2) That the ALJ erred in his evaluation of the Plaintiff's Mental Impairment. (Pl.'s Objections to R&R 2.)

**1.     PLAINTIFF'S CARDIAC IMPAIRMENTS**

The Plaintiff first rehashes the medical evidence regarding his cardiac condition reviewed by both the ALJ and the Magistrate judge in an attempt to persuade the Court to come to a different conclusion on the same evidence. This Court declines to do so. Rather, the Court agrees with the Report and Recommendation that substantial evidence supports the ALJ's finding that the Plaintiff's cardiac disability does not significantly limit his ability to perform basic work activities. (R&R 8.) Although there are alternative interpretations of the evidence, the ALJ's interpretation is supported by substantial evidence and should thus be upheld. *Thomas,* 278 F.3d at 954.

Plaintiff also contends that the ALJ did not properly develop the record when he failed to request records from Mr. Sanchez's cardiologist prior to making a determination regarding the severity of his cardiac impairment. (Pl.'s Objections to R&R 7.) This objection is likewise not new and addressed by the Report and Recommendation. Although the Plaintiff had earlier been referred to a cardiologist because of a diagnosis of a heart murmur and "probable . . . mild aortic sclerosis" (AR 317), it is not clear that the Plaintiff actually saw such a cardiologist and thus such records may not even exist (R&R 8 n.3).

ORDER – 2

Further, as the Report and Recommendation properly states "[a]lthough the ALJ must seek additional evidence of clarification from a treating physician when his opinion is vague or conflicting, that duty is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability." (R&R 8, citing 20 C.F.R. § 416.912(e).) Here, the available medical source evidence was not inadequate, as there was ample evidence to support the ALJ's findings. (*See* R&R 6-8.) Hence the duty to supplement the evidence was not triggered.

Plaintiff argues that the R&R's citation of 20 C.F.R. 416.912(e) is inapposite because it deals with a duty to *recontact* a medical source, rather than situations in which an ALJ failed to get any report in the first place. Plaintiff instead relies on case law from *Webb v. Barhart*, for the general proposition that "the ALJ has a special duty to supplement the medical record." (Pl.'s Obj. to R&R 7.) However, Plaintiff fails to mention that *Webb* itself derives this duty from the very same statutory language Plaintiff claims does not apply to this situation. *See Webb v. Barnhart* 433 F.3d 683, 687 (9th Cir. 2005) (Citing 20 C.F.R. § 404.1512(e)(1) regarding "recontacting medical sources").

Accordingly the Court agrees with the ALJ and the Magistrate Judge regarding the determination of Plaintiff's cardiac condition.

## 2.    PLAINTIFF'S MENTAL IMPAIRMENTS

Plaintiff's second general argument is that the ALJ did not address evidence regarding the Plaintiff's low intellectual functioning. Again, Plaintiff repeats the same arguments already considered and rejected by the Magistrate judge without substantially adding anything through his objections. Plaintiff puts particular emphasis on the ALJ's alleged failure to fully consider the gravity of a 90-day stay at Western States Hospital. (Pl.'s Objections to R&R 8-9.) However, both the ALJ (AR 25) and the Magistrate judge (R&R 9-10) considered the evidence regarding his stay at the hospital and acknowledged its duration. Accordingly, the Plaintiff has failed to demonstrate that the ALJ's findings regarding any mental disabilities were based on legal error or that they were not supported by substantial evidence on the record. *See* 42 U.S.C. § 405(g).

ORDER – 3

### III.   CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation and AFFIRMS the decision of the Commissioner. The Clerk is directed to send copies of this Order to all counsel and to Judge Donohue.

SO ORDERED this 25th day of September, 2006.

*[signature]*

John C. Coughenour

United States District Judge

ORDER – 4